# EXHIBIT A

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

ODESSA M. GODFREY,

Plaintiff,

v.

CIVIL ACTION NO: 16-C-217
JUDGE: (0)

TRANSAMERICA PREMIER LIFE
INSURANCE COMPANY,

Defendant.

## C O M P L A I N T

Now comes the Plaintiff and for cause of action against the above-named Defendant states as follows:

### COUNT ONE

1.      The Plaintiff, Odessa M. Godfrey, is an individual who resides in White Sulphur Springs, Greenbrier County, West Virginia.

2.      The Plaintiff is the beneficiary and owner of a life insurance policy bearing Policy/Certificate Number 014812108 issued by the Defendant in June, 2014, on the life of the Plaintiff's cousin, Valerie H. Damon.

3.      Transamerica Premier Life Insurance Company is an insurance company duly authorized to transact business in the State of West Virginia and licensed by the West Virginia Insurance Commissioner to sell life insurance in the State of West Virginia.

4.      On or about the 5th day of June, 2014, the Defendant, by and through its authorized agent, sold the above-referenced life insurance policy to the Plaintiff and her cousin, Valerie H. Damon, in Greenbrier County, West Virginia.

5.    At the time the application for life insurance was completed with the assistance of the Defendant's authorized agent, Valerie H. Damon suffered from various health issues including, but not limited to, a diagnosis of cancer and prescriptions for Dilaudid and Fentanyl.

6.    At the time the Defendant, by and though its authorized agent, solicited the Plaintiff for insurance business and participated in the completion of a life insurance application, it had knowledge of Valerie H. Damon's various health issues.   Therefore, the Defendant is estopped from and/or waived any right it had to utilize any health conditions suffered by Valerie H. Damon at the time the life insurance application was completed in an effort to deny the payment of policy proceeds.

7.    The life insurance policy referenced hereinabove was issued and the premiums paid for said insurance.

8.    On the 10th day of February, 2015, Valerie H. Damon died.

9.    By letter dated February 29, 2016, the Defendant denied Plaintiff's claim for life insurance benefits.

10.    The Defendant has breached the insurance contract by wrongfully refusing to pay the Plaintiff the policy proceeds to which she is entitled.

## COUNT TWO

11.    After receipt of the properly executed claim form on behalf of the Plaintiff and despite knowing Valerie H. Damon's health issues at the inception of the policy, the Defendant engaged in the practice of after the fact underwriting or reverse underwriting after a claim for benefits was made which is in and of itself an unfair claim settlement practice within the general meaning of *West Virginia Code §33-11-4*.

2

12.     The practice of reverse underwriting or after the fact underwriting engaged in by the Defendant with regard to the claim of the Plaintiff is a common course of conduct and business practice by the Defendant so as to give rise to a private cause of action for the Defendant's violations of West Virginia Unfair Trade Practices Act as hereinabove referred to.

13.     The Defendant further violated the West Virginia Unfair Trade Practices Act by failing to conduct a proper and prompt investigation of the Plaintiff's claim, by failing to acknowledge and act with reasonable promptness upon communications with respect to the Plaintiff's claim, and by refusing to pay the claim of the Plaintiff.

14.     The Defendant's violations of the Unfair Trade Practices Act also extend to its failure to underwrite the application of Valarie H. Damon, at the time her application for insurance coverage was made, and by waiting until the claimant had obtained a policy, paid premiums and operated under the assumption that she was insured against a specific risk, and then only conducting an investigation of Valarie H. Damon's health status after a claim had been filed leading to a denial of coverage at a time when Valarie H. Damon's cousin, Odessa Godfrey, is unable to insure the risk of her cousin's death.

15.     The Defendant, in relationship to the Plaintiff and her insurance claim pursuant to Policy/Certificate Number 014812108, has acted in violation of the Defendant's common law duty of good faith and fair dealing so as to deal with the Plaintiff in a deliberate, overt, dishonest, willful, wanton and reckless manner which calls for punishment of the Defendant in the form of punitive or exemplary damages.

16.     As a direct and proximate result of the conduct of the Defendant as aforesaid, the Plaintiff has sustained significant financial damages as a result of the failure and refusal of the Defendant to pay to the Plaintiff the benefit to which she is entitled pursuant to Policy/Certificate Number 014812108 issued by the Defendant to insure Valerie H. Damon.

17.     As a further direct and proximate result of the conduct of the Defendant as aforesaid, the Plaintiff has suffered aggravation, annoyance, inconvenience, and emotional upset

3

associated with the prospect that she may not receive the insurance proceeds that she would have had but for the conduct of the Defendant.

18.     As a further direct and proximate result of the conduct of the Defendant as aforesaid, the Plaintiff has incurred, and will continue to incur in the future, attorney's fees and costs.

WHEREFORE, the Plaintiff demands judgment against the Defendant, in an amount that will fully and fairly compensate the Plaintiff for the harms that she has sustained, punitive damages, attorney fees, both pre-judgment and post judgment interest, and costs.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY UPON ALL ISSUES SO TRIABLE HEREIN.

ODESSA M. GODFREY

BY COUNSEL

Thomas H. Peyton, Esquire
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue, P.O. Box 216
Nitro, WV 25143
Telephone:  (304) 755-5556\
Telefax:      (304) 755-1255
*Counsel for Plaintiff*

4